NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-1271

OREGON WOODS, INC.,

Appellant,

v.

Ken Salazar, SECRETARY OF THE INTERIOR,

Appellee.

<u>C. Michael Arnold</u>, Arnold Law Office, LLC of Eugene, Oregon, for appellant.

<u>Steven M. Mager</u>, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for appellee. With him on the brief were <u>Tony West</u>, Assistant Attorney General, <u>Jeanne E. Davidson</u>, Director, and <u>Brian M. Simkin</u>, Assistant Director.

Appealed from: Civilian Board of Contract Appeals

Administrative Judge Stephen M. Daniels

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-1271

OREGON WOODS, INC.,

Appellant,

v.

Ken Salazar, SECRETARY OF THE INTERIOR,

Appellee.

Appeal from the Civilian Board of Contract Appeals in case nos. 1072 and 1072-R, Administrative Judge Stephen M. Daniels.

———————————————

DECIDED:  December 10, 2009

———————————————

Before RADER, ARCHER, and LINN, Circuit Judges.

PER CURIAM.

## I.

The United States Civilian Board of Contract Appeals ("CBCA") granted summary judgment in favor of the United States Fish and Wildlife Service ("FWS") after the agency terminated a contract previously awarded to Oregon Woods, Inc. ("Oregon Woods").  Because FWS had a rational basis for terminating the contract, the court affirms.

## II.

On September 4, 2007, FWS awarded a contract to Oregon Woods under a competitive procurement bid solicitation to remove and replace the Blackshore Lake

boardwalk at the Turnbull National Wildlife Refuge near Cheney, Washington. Oregon Woods signed the contract the next day. The contract incorporates by reference the Federal Acquisition Regulation ("FAR") Clause, which provides that "[t]he Government may terminate performance of work under this contract in whole or, from time to time, in part if the Contracting Officer determines that a termination is in the Government's interest." 48 C.F.R. 52.249-2. In addition, the contract provided that the "Contracting Officer may, at any time, . . . make changes in the work within the general scope of the contract, including changes . . . [to] the specifications" of the job.

The day after Oregon Woods signed the contract, the contracting officer issued modification 1, stating: "Terminate for Convenience of the Government as evaluation process is not complete." According to the contracting officer's notes, FWS had misplaced two offers during the evaluation process. Nonetheless, after considering the two misplaced offers, FWS still recommended that Oregon Woods be awarded the contract.

On September 13, an engineer with the FWS contacted the contracting officer via electronic mail expressing his view that the specifications and drawings submitted in the solicitations were inadequate. In particular, he noted that no qualified engineer approved the specifications and drawings and that various changes to the boardwalk design would need to be undertaken. On the same day, the chief of the regional FWS engineering division also sent an e-mail echoing those sentiments.

In response to a letter from Oregon Woods expressing their concern with modification 1, the contracting officer rescinded the contract as void *ab initio*. After a second letter by Oregon Woods, the contracting officer issued modification 2, which

replaced modification 1 in its entirety. Modification 2 terminated the contract for convenience based upon an "[i]mproper evaluation criteria posted in the solicitation" and "[i]nadequate specifications and drawings."

Oregon Woods then submitted claims for damages to the contracting officer for breach of contract and termination for convenience. The contracting officer denied both claims and Oregon Woods appealed to the CBCA. FWS then filed a motion for summary judgment. Citing the FWS engineer correspondences for support, the CBCA found that FWS had a reasonable basis for terminating the contract and granted summary judgment accordingly. Oregon Woods timely appealed to this court.

III.

The CBCA's decision to grant summary judgment is a legal conclusion, which this court reviews without deference. Rex Sys., Inc. v. Cohen, 224 F.3d 1367 (Fed. Cir. 2000). Summary judgment is appropriate in the absence of genuine issues of material fact when the record shows that the moving party is entitled to prevail as a matter of law. Fed. R. Civ. P. 56(c). "The decision of [an] agency board on any question of law shall not be final or conclusive, but the decision on any question of fact shall be final and conclusive and shall not be set aside unless the decision is fraudulent, or arbitrary, or capricious, or so grossly erroneous as to necessarily imply bad faith, or if such decision is not supported by substantial evidence." 41 U.S.C. § 609(b). "In the absence of bad faith or clear abuse of discretion, [a] contracting officer's election to terminate for the government's convenience is conclusive." T&M Distribs., Inc. v. United States, 185 F.3d 1279, 1283 (Fed. Cir. 1999).

On appeal, Oregon Woods contends that summary judgment in favor of FWS was inappropriate because the record shows that an engineer did review the job specifications before the solicitation was sent out—that is, an engineer did find the specifications adequate. In particular, Oregon Woods highlights that FWS made technical modifications to the specification twice during the solicitation process long before the contract was actually awarded.

While this may be true, it does not create a material issue of fact which precludes summary judgment. Assuming that an engineer reviewed the solicitation, this court still does not detect any evidence of bad faith or an abuse of discretion on the part of the contracting officer. Significantly, two separate FWS engineers submitted correspondences detailing their concerns with the solicitation and their ultimate opinions that the specifications were inadequate. Each discussed in fair detail what would likely need to be modified. The contracting officer was well within his discretion to rely on those recommendations and terminate the contract with Oregon Woods. In addition, the record does not indicate that a qualified engineer reviewed the specifications as one of the FWS engineers highlighted.

Based on these considerations, this court cannot say that a material issue of fact exists as to whether the contracting officer acted in bad faith or clearly abused his discretion. We have considered all other arguments put forth by Oregon Woods and come to the same conclusion.

## IV.

For the foregoing reasons, the judgment of the CBCA is affirmed.

## COSTS

No costs.